RECEIVED
IN LAKE CHARLES, LA.

JAN 21 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DP CONCRETE PRODUCTS, LLC | : | DOCKET NO. 2:08 CV 571 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SPRING WIRE CORP. | : | MAGISTRATE JUDGE HANNA |

### MEMORANDUM ORDER

Before the Court is a Motion in Limine to exclude evidence concerning the filing of the Ohio lawsuit, filed by defendant American Spring Wire Corp. ("ASW") [doc. 68]. The plaintiff, DP Concrete Products, L.L.C. ("DP"), filed an Opposition [doc. 85]. This matter is set for a jury trial on January 25, 2010.

Shortly before DP filed the instant lawsuit, ASW filed a lawsuit in the United States District Court for the Northern District of Ohio, involving nearly identical facts and issues. The Northern District of Ohio ultimately dismissed the first suit for lack of personal jurisdiction over DP. In the present case, ASW seeks to exclude evidence concerning the Ohio lawsuit because it is irrelevant and protected by the work product doctrine and the attorney-client privilege.

DP contends that evidence regarding ASW's Ohio lawsuit is relevant to discredit ASW's affirmative defense that DP failed to mitigate damages and to defeat ASW's argument that DP should have entered into a second contract with ASW. On March 24, 2008, after breach of the first contract, ASW sent DP a second contract termed "Supply Agreement."[1] ASW filed suit in Ohio on

---

[1] Pl.'s Ex. 2 [doc. 85-1].

March 27, 2008, before DP responded to the second contract. DP responded with its own supply contract on April 4, 2008, which was rejected by ASW.[2] DP argues that the Ohio lawsuit is relevant to relieve DP of any obligation to mitigate damages by entering into a second contract when ASW secretly filed the suit before DP responded to the contract.

Federal Rule of Evidence 401 defines "relevant evidence" as:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Evidence concerning's ASW Ohio filing is relevant to discredit ASW's affirmative defense that DP failed to mitigate damages. Further, the Ohio lawsuit pleadings are public records and are not protected from disclosure by the attorney-client privilege and work product doctrine. DP may introduce evidence regarding the Ohio lawsuit for the limited purpose of showing that the lawsuit was filed by ASW against DP in Ohio on March 27, 2008. Any evidence beyond that is irrelevant to the issues in this case. Accordingly,

IT IS ORDERED that ASW's Motion in Limine, [doc. 68], is hereby DENIED.

Lake Charles, Louisiana, this 20 day of January, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] Pl.'s Ex. 3 [doc. 85-1].