RECEIVED
IN LAKE CHARLES, LA.

JAN 25 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DP CONCRETE PRODUCTS, LLC | : | DOCKET NO. 2:08 CV 571 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SPRING WIRE CORP. | : | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine to strike the report and exclude the testimony of plaintiff's expert Dr. W. Patton Culbertson ("Dr. Culbertson"), filed by defendant American Spring Wire Corp. ("ASW") [doc. 71]. The plaintiff, DP Concrete Products, L.L.C. ("DP"), filed an Opposition [doc. 85]. This matter is set for a jury trial on January 25, 2010.

ASW argues that Dr. Culbertson's report is inadmissible because it discusses the parties' contractual intentions and obligations. Additionally, ASW argues that Dr. Culbertson's expert testimony is unnecessary to assist the jury in understanding the evidence and determining the facts at issue. DP contends that Dr. Culbertson's report does not usurp the jury's fact-finding duties, but is necessary and relevant to defeat ASW's affirmative defenses of commercial impracticability and impossibility of performance.

Federal courts have consistently held that expert testimony on issues of contractual interpretation is inappropriate and that such issues are reserved for the judge and jury. *See CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996) (excluding expert testimony as to the parties' contractual intent, an issue within the jury's province); *Marx & Co., Inc. v. The*

*Diner's Club, Inc.*, 550 F.2d 505, 508 (2nd Cir. 1977) (finding that the trial court erred by permitting an expert witness to render an opinion as to the parties' contractual obligations). *See also TCP Industries, Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir. 1981) (expert opinion testimony inadmissible to interpret contract language absent a need to clarify or define terms of art, science or trade).

Section 4 of Dr. Culbertson's report contains opinions relating to DP and ASW's contractual intentions, specifically relating to price and duration of the contract. This Court previously denied DP's motion for summary judgment, finding a genuine issue of material fact existed as to whether the contract was unambiguous and whether ASW bore the risk of increasing steel prices.[1] Therefore, Culbertson's statements, such as "the contract terms as to price and duration of the project were clearly stated," are inappropriate. Morever, Federal Rule of Evidence 702 permits expert testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." In this case, the jury's role will be to decide whether the contract was ambiguous and which party breached the contract. The jury will not need expert testimony to assist it in determining the facts at issue in this case. Accordingly, Section 4 will be stricken, and Dr. Culbertson's testimony relating to Section 4 will be excluded.

Sections 5.1.1 and 5.2.2 of Dr. Culbertson's report also contains opinions relating to the parties' contractual intentions and obligations. Again, expert opinion testimony is inadmissible to determine the language of DP and ASW's contract. Accordingly, Section 5.1.1 will be stricken from the record, and Section 5.2.2 will be stricken insofar as it offers opinions regarding the parties' contractual obligations.

Section 5.1.2 of the report is necessary and relevant to counter ASW's argument that ASW

---

[1] Memorandum Ruling [doc. 95], denying DP's Motion for Summary Judgment [doc. 55].

would have suffered severe financial strain if it had continued to supply DP with strand at $0.22 per linear foot. Dr. Culbertson simply uses the price of raw materials cited by ASW to conclude that ASW's adherence to the contract was not commercially impracticable. Accordingly, Section 5.1.2 of Dr. Culbertson's report will not be excluded.

IT IS ORDERED that ASW's Motion in Limine, [doc. 71], is hereby GRANTED in part and DENIED in part.

Lake Charles, Louisiana, this 21 day of January, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE