· RECEIVED
IN LAKE CHARLES, LA.

JAN 25 2010

TONY R. MOORE, CLERK
BY————————
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DP CONCRETE PRODUCTS, LLC | : | DOCKET NO. 2:08 CV 571 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SPRING WIRE CORP. | : | MAGISTRATE JUDGE HANNA |

<u>MEMORANDUM RULING</u>

Before the Court is a Motion in Limine, filed by the plaintiff, DP Concrete Products, L.L.C. ("DP") [doc. 78]. Defendant American Spring Wire Corp. ("ASW") filed an Opposition [doc. 86]. This matter is set for a jury trial on January 25, 2010.

DP argues that ASW should be prevented from introducing evidence relating to: (1) payments DP received under its contract with Bechtel Industries ("Bechtel"); (2) extraneous terms of the contract between DP and ASW, especially the fine print in ASW's invoices and the terms referenced in its invoices and sales acknowledgment forms; (3) evidence from or testimony of non-parties offered for purposes of proving that a party would have been ill-advised to enter into the contract; (4) a draft settlement letter or settlement correspondence; and (5) the impossibility or impracticality of ASW's performance.

DP points out that ASW may attempt to offer evidence that DP received a large payment or profit from its contract with Bechtel, despite ASW's failure to fully perform its contractual obligations to DP. DP argues that this case centers on ASW's breach of its supply contract; therefore, any evidence of payments from Bechtel to DP is irrelevant and unfairly prejudicial. ASW

counters that such evidence is relevant to prove its claim for unjust enrichment. To prove that claim, ASW will have to show that it conferred a benefit upon DP and that it would be unjust for DP to retain the benefit without compensating ASW. Although this evidence is relevant, discussing the specific amount of payments DP received from Bechtel would be unfairly prejudicial. Accordingly, the portion of DP's motion concerning payments and profits is DENIED in part and GRANTED in part. ASW may introduce evidence to establish that DP received payment from Bechtel or made a profit on the Bechtel project, but evidence discussing specific amounts will be excluded.

DP argues that the fine print contained in ASW's invoices is irrelevant because it was not and did not became part of the parties' contract. At trial, it will be the jury's role to decide whether the extraneous terms and conditions became part of the parties' contract; accordingly, the portion of DP's motion regarding extraneous terms and conditions is DENIED.

DP also seeks to exclude testimony from witnesses not a party to the contract who may attempt to interpret the contract or testify to the custom and practice of the steel supply industry, specifically the testimony of Flexicore's president Joseph C. Phillips and expert James May. DP argues that such evidence is irrelevant and unfairly prejudicial. ASW argues that evidence of industry custom and practice is relevant where a contract is ambiguous, like DP and ASW's contract.

Federal courts have consistently held that expert testimony on issues of contractual interpretation is inappropriate and that such issues are reserved for the judge and jury. *See CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996) (excluding expert testimony as to the parties' contractual intent, an issue within the jury's province); *Marx & Co., Inc. v. The Diner's Club, Inc.*, 550 F.2d 505, 508 (2nd Cir. 1977) (finding that the trial court erred by permitting an expert witness to render an opinion as to the parties' contractual obligations). *See also TCP*

2

*Industries, Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir. 1981) (expert opinion testimony inadmissible to interpret contract language absent a need to clarify or define terms of art, science or trade). Here, the jury will not need expert opinion testimony to assist it in determining the facts at issue, not will it need expert testimony to clarify or define the terms of the parties' contract; accordingly, this portion of DP's motion is GRANTED.

DP argues that evidence pertaining to a draft settlement or compromise letter that was never sent by DP to ASW should be excluded under Federal Rule of Evidence 408. ASW contends that the letter is relevant to the issue of mitigation. ASW notes that DP's letter proposed a new strand price; however, instead of sending that letter to ASW, DP sent a letter threatening litigation without any new price proposal. ASW argues that the letter demonstrates DP's intent and ability to mitigate damages that was not followed. Under Federal Rule of Evidence 408, offers or attempts to compromise a dispute are inadmissible when offered to prove liability for, invalidity of, or amount of a disputed claim. Accordingly, this portion of DP's motion is GRANTED.

Finally, DP argues that evidence suggesting that ASW's obligations under the contract became impractical or impossible due to market conditions and other variable is irrelevant and unfairly prejudicial. ASW has asserted the affirmative defenses of impracticality and impossibility of performance; therefore such evidence is relevant and this portion of DP's motion is DENIED.

IT IS ORDERED that DP's Motion in Limine, [doc. 78], is hereby GRANTED in part and DENIED in part.

Lake Charles, Louisiana, this _25_ day of January, 2010.

_____

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE