RECEIVED
IN LAKE CHARLES, LA

MAY 25 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DP CONCRETE PRODUCTS, LLC | : | DOCKET NO. 2:08 CV 571 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SPRING WIRE CORP. | : | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Before the Court is a Post-Trial Motion to Add Legal Interest to Jury Verdict by plaintiff DP Concrete Products, L.L.C. ("DP") [doc. 133]. The defendant, American Spring Wire Corp. ("ASW"), filed an Opposition [doc. 135]. DP filed a Reply [doc. 137].

### FACTS

DP filed suit against ASW, alleging that ASW breached the parties' contract by unilaterally raising the $0.22 per linear foot strand price and refusing to supply DP with the remainder of the purchased wire for that price despite demand.[1] ASW filed a counterclaim, alleging that DP's failure to complete the Motiva Project within the time frame originally promised and agreed to by DP constituted a breach of contract.[2] Additionally, ASW claimed that DP's failure to pay for strand that it received and used for the Motiva Project also constituted a breach.[3] Finally, ASW alleged claims of detrimental reliance, unjust enrichment, action on open account, negligent misrepresentation, and

---

[1] Complaint [doc. 1].

[2] First Amended Counterclaim [doc. 42].

[3] *Id.*

anticipatory repudiation.[4]

DP did not pay for a signification portion of the strand it received from ASW, and the outstanding balance that DP owes ASW is $478,858.17 plus interest.[5] During a jury trial on this matter, the Court ruled as a matter of law that ASW breached the contract,[6] and the jury rendered a verdict in favor of DP for $1,937,497.77.[7]

## ANALYSIS

DP argues that legal interest should be added to the jury verdict after a credit to ASW. DP contends that the contract at issue was a contract to sell and the fine print on ASW invoices related to individual contracts of sale. DP argues that under Louisiana and Ohio law, a contract to sell cannot be expanded in a resulting contract of sale without a specific agreement.[8] There was no such agreement between the parties; thus, DP argues that the fine print is inapplicable and that Louisiana law applies to this issue. DP adds that during trial, ASW conceded that it was not seeking to enforce the fine print provisions, and that this Court previously ruled that Louisiana law governs this issue.

DP concedes that ASW is entitled to a setoff to be made by the Court and argues that Louisiana law provides that legal interest is owed on the net judgment after the setoff. The jury verdict was $1,937,497.77 and DP owes ASW $478,858.17, so DP contends that legal interest is owed on $1,458,639.60. DP adds that ASW is not entitled to legal interest on the credit to which

---

[4] *Id.*

[5] DP acknowledges that this amount is owed to ASW. [doc. 133].

[6] Court minutes granting Judgment as a Matter of Law [doc. 124].

[7] Verdict [doc. 131].

[8] La. Civ. Code art. 2623; *Brunst v. Garner*, 122 N.E.2d 650 (Oh. Ct. App. 1952).

it is owed.

DP notes that legal interest on contractual matters is generally due from date of judicial demand, which was April 23, 2008.[9] DP calculates that the legal interest owed on the net judgment is $170,126.30.[10]

ASW counters that it is entitled to interest on the undisputed balance owed by DP, as well as attorney's fees. ASW notes that its Terms and Conditions of Sale require DP to pay ASW eighteen percent (18%) interest per year on all delinquent balances.[11] The undisputed total balance of $478,858.17 has been delinquent for nearly two years; thus, ASW insists that DP owes ASW a total of $151,714.25 in interest payments.[12] ASW adds that the Terms and Conditions of Sale require DP to pay ASW attorney's fees associated with ASW's efforts to collect the undisputed amount owed.[13]

ASW contends that the interest and attorney's fee provisions are additional terms that became part of the individual contracts of sale.[14] ASW notes that DP's offer did not expressly limit acceptance to the terms of its offer, DP never objected to ASW's terms and conditions, and these

---

[9] Complaint [doc. 1].

[10] Pl.'s Memo. [doc. 133].

[11] "Purchaser [DP] agrees to any interest at 1-1/2% per month, 18% per year calculated on a 360 day basis (to the extent permitted by law) on all delinquent balances if and when assessed by Seller [ASW], and any attorney's fees or court costs arising out of and made necessary in collection of this obligation to Seller created by this order." Def.'s Ex. A, ¶ 5 (Terms and Conditions of Sale) [doc. 135-1].

[12] Def.'s Ex. B (Bokar Aff.) [doc. 135-2].

[13] Def.'s Ex. A [doc. 135-1].

[14] La. Civ. Code art. 2601.

3

provisions did not materially alter the individual contracts of sale.[15] ASW insists that the proper methodology is to deduct $478,858.17, plus interest of $151,714.25 and reasonable attorney's fees, from the verdict amount and then calculate statutory interest on that number; thus, ASW argues that the statutory interest calculation would be based on $1,306,925.40, less reasonable attorney's fees, rather than $1,458,639.60, the number used by DP.

The contract at issue here was a contract to sell. ASW emailed DP an offer to sell strand for $.220/LF "price to be held through the duration of project," and DP accepted that offer by issuing a purchase order to ASW for 25-30 million LF.[16] During trial, this Court granted DP's motion for judgment as a matter of law and ruled that ASW breached the contract to sell. The fine print provisions on the ASW invoices that ASW seeks to enforce were sent to DP in connection with individual contracts of sale and are inapplicable; thus, Louisiana law governs this dispute.

Louisiana law provides for legal interest on judgments. La. Civ. Code art. 2000; La. Rev. Stat. Ann. § 9:3500. Legal interest is due on all sums that are the object of judicial demand, even if such relief is not demanded. *Miller v. Louisiana Gas Service Co.*, 95-874 (La. App. 5 Cir. 6/25/96); 680 So. 2d 52, 56.

Although the case law on this specific issue is limited, Louisiana courts generally award legal interest on the net judgment, after the setoff. *Elite Homes, Inc. v. Hermann*, 242 So. 2d 614, 619 (La. App. 4. Cir. 1970); *Hebert v. Insurance Center Inc.*, 1997-298 (La. App. 3 Cir. 1/7/98); 706 So. 2d 1007. Other courts have also awarded interest on net judgments after a setoff. *See Infra-Pak*

---

[15] *Crown Foodservice Group, Inc. v. Hughes*, 1999 WL 33117269 (S.D. Ohio 1999); *Jada Toys, Inc. v. Chicago Import, Inc.*, 2009 WL 3055370 (N.D. Ill .2009).

[16] Pl.'s Exs. F, G, K [doc. 64-3].

4

*(Dallas) Inc. v. Carlson Stapler & Shippers Supply, Inc.*, 803 F.2d 862 (5th Cir. 1986) (applying Texas law and calculating interest on net judgment after setoff); *Bio-Medical Applications of Texas, Inc. v. BAP-FMC San Antonio Ltd.*, 2006 WL 2329407 (W.D. Tex. 2006) ("The current weight of Texas authority favors the calculation of prejudgment interest on the net amount of a judgment after deduction of credits or set-offs.").

In *Elite*, a contractor sued property owners for payments due under a building contract, and the owners reconvened for damages to correct alleged deficiencies. The district court dismissed the contractor's suit and entered an award in favor of the property owners on their reconventional demand. On rehearing, the Louisiana Fourth Circuit addressed the issue of whether the contractor was entitled to interest and, in doing so, concluded that it erroneously awarded interest to the owners. The court found that the owners were not entitled to interest on their set-off amount and explained "[t]he owners are not entitled to interest on the amount awarded them for the reason that said amount is simply an offset or reduction in what they otherwise would have been required to pay the contractor. Under these circumstances they are not entitled to legal interest." *Elite*, 242 So. 2d at 619. Although dicta, the court's decision is instructive on this issue. Moreover, ASW has not cited any cases, Louisiana or otherwise, in which a court awarded interest on a judgment before awarding a set-off. Accordingly, DP is to compensate ASW for the setoff amount owed, and then legal interest is to be awarded on the net amount from the date of judicial demand. *See Miller*, 680 So. 2d at 56 (Holding interest in *ex contractu* matters is due from the date of judicial demand).

Finally, ASW's request for attorney's fees is denied. As previously stated, the Terms and Conditions on the ASW invoices are inapplicable. Further, Louisiana courts have denied awards for attorney's fees for asserting an affirmative defense. *National Roofing and Siding Co., Inc. v. Gulf*

5

*Coast Oil Co.*, 422 So. 2d 204 (La. App. 4 Cir. 1982).

Accordingly, DP's Post-Trial Motion to Add Legal Interest to Jury Verdict is GRANTED.

IT IS ORDERED that ASW is entitled to a set-off of $478,858.17, and DP is entitled to legal interest on the net judgment of $1,458,639.60. Interest shall be awarded from the date of judicial demand.

IT IS FURTHER ORDERED that ASW's request for attorney's fees is DENIED.

Lake Charles, Louisiana, this 24 day of May, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE