RECEIVED
IN LAKE CHARLES, LA.

AUG 11 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DP CONCRETE PRODUCTS, LLC | : | DOCKET NO. 2:08 CV 571 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SPRING WIRE CORP. | : | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court is a Motion for Stay of Execution of Judgment and to Set Supersedeas Bond and an Amended Motion for Stay of Execution of Judgment and to Set Security, both filed by American Spring Wire Corp. ("ASW") [docs. 147, 149]. The plaintiff, DP Concrete Products, L.L.C. ("DP"), filed an Opposition [doc. 150]. ASW filed a Reply, [doc. 151], and DP filed a Sur-Reply [doc. 159].

## ANALYSIS

On June 14, 2010, this Court entered judgment in favor of DP in the amount of $1,458,639.90 plus legal interest. ASW now requests that the Court approve the proposed supersedeas bond amount and then, upon the filing of the bond, enter an order staying execution of the Court's judgment during the pendency of ASW's appeal.

Pursuant to Local Civ. R. 62.2, ASW proposes to give a bond in the amount of $1,750,367.50. ASW attaches a Letter of Credit from its banking institution and argues that the proposed amount is more than sufficient to secure DP during the appeal process. Further, ASW argues that Fed. R. Civ. P. 62(d) permits a court to stay the execution of a judgment by giving an

adequate supersedeas bond.

DP contends that the bond amount is inadequate and argues that Local Civ. R. 62.2 provides that the bond should be for $1,979,156.11. DP adds that ASW's proposed Letter of Credit expires on February 28, 2012 and argues that the Letter of Credit should expire no sooner than February 28, 2013.

Local Civ. R. 62.2 provides that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover interest, costs and any award of damages for delay, unless the court directs otherwise."

Fed. R. Civ. P. 62(d) provides that:

> "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

A supersedeas bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment. *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992).

ASW's proposed Letter of Credit is sufficient to serve as security for ASW's appeal of the Court's judgment. However, the Letter of Credit should be for DP's requested amount of $1,979,156.11 to comply with Local Civ. R 62.2 and to ensure that the amount covers interest, costs and any delay damages. Further, the Letter of Credit shall expire no sooner than July 28, 2013 to ensure DP is not without security during the entire appeal process. Accordingly,

IT IS ORDERED that ASW's motions, [docs. 147, 149], are hereby GRANTED, and this Court approves a supersedeas bond in the amount of $1,979,156.11.

IT IS FURTHER ORDERED that ASW's Letter of Credit shall expire no sooner than July 28, 2013. Upon filing of the bond, this Court will enter an order staying execution of the Court's judgment during the pendency of the ASW's appeal.

Lake Charles, Louisiana, this __4__ day of August, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE